# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHELSEA KOENIG, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PRIMANTI CORPORATION D/B/A PRIMANTI BROS.; DAVID HEAD; ANDREW TAUB; DEMETRIOS PATRINOS; JAMES CHU; NICHOLAS NICHOLAS; and DOE DEFENDANTS 1-10,<br><br>Defendants. | Civil Action No. 16-1402<br>Hon. Nora Barry Fischer |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE PAYMENT TO PLAINTIFF

**TABLE OF CONTENTS**

**Page(s)**

TABLE OF AUTHORITIES……………………………………………………………...ii

I.      INTRODUCTION ........................................................................................ 1

II.     PLAINTIFF'S FEE REQUEST IS FAIR AND REASONABLE ..................................... 4

        A.      CLASS COUNSEL ARE ENTITLED TO A REASONABLE FEE ......................... 4

        B.      THE REQUESTED FEE IS REASONABLE UNDER THE PERCENTAGE-OF-RECOVERY
                APPROACH ................................................................................... 5

                1.      The Amount of Value Created and the Number of Persons Benefited ....... 6

                2.      The Presence or Absence of Substantial Objections by Members of the
                        Class to the Settlement Terms and/or Fees Requested by Counsel ........... 8

                3.      The Skill and Efficiency of the Attorneys Involved ................................. 9

                4.      The Complexity and Duration of the Litigation ..................................... 10

                5.      The Risk of Nonpayment ................................................................. 11

                6.      The Amount of Time Devoted to the Litigation by Class Counsel .......... 12

                7.      Awards in Similar Cases ................................................................. 13

                8.      Other Factors ................................................................................ 14

        C.      LODESTAR MULTIPLIER CHECK CONFIRMS THAT THE REQUESTED FEE AWARD IS
                REASONABLE ................................................................................. 15

        D.      THE COURT SHOULD AWARD REIMBURSEMENT OF EXPENSES ............................. 17

        E.      THE SERVICE PAYMENT AWARD TO PLAINTIFF IS EMINENTLY REASONABLE ........ 18

III.    CONCLUSION.............................................................................................. 19

# TABLE OF AUTHORITES

**Cases**                                                                **Page(s)**

*Abrams v. Lightolier Inc.*,
    50 F.3d 1204 (3d Cir. 1995)................................................................................17

*Beneli v. Bca Fin. Servs.*,
    No. 16-2737, 2018 U.S. Dist. LEXIS 19191 (D. N.J. Feb. 6, 2018) .........................................8

*Brumley v. Camin Cargo Control, Inc.*,
    No. 08-1798, 2012 U.S. Dist. LEXIS 40599 (D.N.J. Mar. 26, 2012).....................................10

*Calabrese v. TGI Friday's Inc.*,
    No. 16-cv-0868, 2017 U.S. Dist. LEXIS 181598 (E.D. Pa. Nov. 2, 2017) ............................11

*In re Cendant Corp.*,
    232 F. Supp. 2d 327 (D.N.J. 2002) ........................................................................8

*Creed v. Benco Dental Supply Co.*,
    No. 12-CV-01571, 2013 U.S. Dist. LEXIS 132911 (M.D. Pa. Sept. 17, 2013) .....................14

*Cullen v. Whitman Medical Corp.*,
    197 F.R.D. 136 (E.D. Pa. 2000)...........................................................................9

*Erie County Retirees Ass'n v. County of Erie*,
    192 F. Supp. 2d 369 (W.D. Pa. Mar. 20, 2002) ...................................................13

*Farrar v. Hobby*,
    506 U.S. 103 (1992).............................................................................................5

*Frederick v. Range Res.-Appalachia, LLC*,
    No. 08-288, 2011 U.S. Dist. LEXIS 27350 (W.D. Pa. March 17 2011) ..........................15, 16

*In re GM Trucks Litig.*,
    55 F.3d 768 (3d Cir. 1995)..............................................................................5, 13

*Graudins v. Kop Kilt, LLC*,
    No. 14-2589, 2017 U.S. Dist. LEXIS 25926 (E.D. Pa. Feb. 24, 2017) ..................7, 14, 17, 19

*Gunter v. Ridgewood Energy Corporation*,
    223 F.3d 190 (3d Cir. 2000)......................................................................... *passim*

*Hall v. Best Buy Co.*,
    274 F.R.D. 154 (E.D. Pa. 2011)...........................................................................5

*Haught v. Summit Res., LLC*,
    15-cv-0069, 2016 U.S. Dist. LEXIS 45054 (M.D. Pa. April 4, 2016) .......................... *passim*

*Hegab v. Family Dollar Stores, Inc.*,
    No. 11-cv-1206, 2015 U.S. Dist. LEXIS 28570 (D.N.J. Mar. 9, 2015) ....................................5

*In re Ikon Office Solutions v. Stuart*,
    194 F.R.D. 166 (E.D. Pa. 2000).................................................................................9

*Jackson v. Wells Fargo Bank, N.A.*,
    136 F. Supp. 3d 687 (W.D. Pa. 2015)..................................................1, 10, 12, 16

*In re Janney Montgomery Scott LLC Fin. Consultant Litig.*,
    Master File No. 06-3202, 2009 U.S. Dist. LEXIS 60790 (E.D. Pa. 2009).....................5, 9, 17

*Koenig v. Granite City Food & Brewery, LTD.*,
    No. 16-1396 (W.D. Pa.)..............................................................................14, 19

*Kotchmar v. Movie Tavern Partners, LP, et al.*,
    No. 15-cv-04061-MAK (E.D. Pa. 2015)..................................................................19

*Lake Forest Partners, L.P. v. Sprint Communs. Co. L.P.*,
    No. 2:12-cv-00999, 2013 U.S. Dist. LEXIS 84681 (W.D. Pa. June 17, 2013) ........................9

*Leap v. Yoshida*,
    No. 14-3650, 2016 U.S. Dist. LEXIS 57819 (E.D. Pa. May 2, 2016)....................................19

*In re Linerboard Antitrust Litig.*,
    MDL No. 1261, 2004 WL 1221350 (E.D. Pa. June 2, 2004) ....................................................9

*Mabry v. Hildebrandt*,
    No. 14-5525, 2015 U.S. Dist. LEXIS 112137 (E.D. Pa. Aug. 24, 2015) ...........................5, 13

*Magness v. Walled Lake Credit Bureau et al*,
    No. 12-CV-06586 (E.D. Pa. 2015) .........................................................................16

*McGee v. Ann's Choice, Inc.*,
    No. 12-cv-2664, 2014 U.S. Dist. LEXIS 75840 (E.D. Pa. June 4, 2014)...............................14

*In re Merck & Co., Inc. Vytorin ERISA Litig.*,
    No. 08-cv-285, 2010 WL 547613 (D.N.J. Feb. 9, 2010) .........................................................13

*Moore v. Comcast Corp.*,
    No. 08-cv-773, 2011 U.S. Dist. LEXIS 6929 (E.D. Pa. Jan. 24, 2011).....................................8

*In re Philips/Magnavox Television Litig.*,
    No. 09-cv-3072, 2012 WL 1677244 (D.N.J. May 14, 2012).....................................................11

*In re Prudential*,
    148 F.3d 283 (3d Cir. 1998)........................................................................................2

*Ratner v. Bennett*,
 No. 92-cv-4701, 1996 U.S. Dist. LEXIS 6259 (E.D. Pa. May 8, 1996)...............................13

*In re Rent-Way Secs. Litig.*,
 305 F. Supp. 2d 491 (W.D. Pa. 2003).......................................................................................15

*In re Rite Aid Corp. Sec. Litig.*,
 396 F.3d 294 (3d Cir. 2005)................................................................................................6, 15

*Roofers Local 317 v. G & M Roofing & Sheet Metal Co.*,
 732 F.2d 495 (6th Cir. 1984) ....................................................................................................4

*Rouse v. Comcast Corp.*,
 No. 14-cv-1115, 2015 U.S. Dist. LEXIS 49347 (E.D. Pa. April 15, 2015)..................9, 13, 14

*In re Safety Components, Inc. Sec. Litig.*,
 166 F Supp. 2d 72 (D.N.J. 2001) ..............................................................................................3

*In re Schering-Plough Corp.*,
 No. 08-1432, 2012 U.S. Dist. LEXIS 75213 (D.N.J. May 31, 2012)........................................8

*Varacallo v. Mass. Mutual Life Ins. Co.*,
 226 F.R.D. 207 (D.N.J. 2005)..................................................................................................18

**Statutes**

43 P.S. § 333.113 ......................................................................................................................4

Fair Labor Standards Act of 1938............................................................................... *passim*

FLSA Section 216(b) ................................................................................................................4

**Other Authorities**

Fed. R. Civ. P. 23 .................................................................................................................4, 17

Fed. R. Civ. P. 30(b)(6)..........................................................................................................10

Plaintiff Chelsea Koenig ("Plaintiff"), by and through her undersigned counsel, respectfully requests an award of attorney' fees in the amount of $630,000, which represents 30% percent of the Settlement Amount.[1]   In addition, Class Counsel also request reimbursement of out-of-pocket costs and expenses in the amount of $15,361.84, as well as a Service Payment to Plaintiff in the amount of $5,000.   As set forth below, Class Counsel believes that each of these requests is eminently appropriate based on the facts of this case and the applicable case law.

## I.   INTRODUCTION

"There is an overriding public interest in settling class action litigation, and it is to be encouraged by the courts . . ."   *Jackson v. Wells Fargo Bank, N.A.,* 136 F. Supp. 3d 687, 700 (W.D. Pa. 2015) (citing *In re Warfarin Sodium Antitrust Litig.,* 391 F.3d 516, 535 (3d Cir. 2004)).   This Settlement not only furthers that public interest but, frankly, achieves a superb result for the Settlement Class in the process.   In less than two years, despite hotly contested litigation, Class Counsel were able to recovery $2,100,000 -- which represents over 54% of the total damages sustained by the Participating Settlement Class Members – through this Settlement.   As set forth herein, this results in an average award to Participating Settlement Class Members of approximately $1,700.26.   *See* Wells Decl. at ¶60.

To date, 789 individuals have filed valid, timely claims with the Claims Administrator. *See* Declaration of Claims Administrator Concerning Mailing of the Notice of Class and Collective Action Settlement and the Claim Form, Consent to Join and Release ("Admin. Decl.") at ¶18.   Indeed, based on the Claims Administrator's preliminary calculations, the highest

---

[1] All capitalized terms used in this brief that are also defined in the Settlement Agreement ("SA") shall have the same meaning as set forth in the Settlement Agreement.  Although previously provided to the Court, for the sake of thoroughness, Class Counsel is resubmitting the SA as Exhibit 1 to the Declaration of Gerald D. Wells, III ("Wells Decl.").  The Wells Decl. is incorporated herein by reference.

individual recovery a Participating Settlement Class Member will receive from the Settlement Amount is $9,393.13 and the average recovery for Participating Settlement Class Members is $1,700.26. *Id.*  Importantly, these amounts will invariably increase as Class Counsel is seeking a fee award of less than the maximum amount permissible under the Settlement Agreement. *See* SA at § 4.15(A).  Moreover, there is a complete absence of any objections from Settlement Class Members regarding any aspect of the proposed Settlement, including the higher fee request.

This significant recovery could not have been achieved without the time, skill, and resources of Class Counsel and the assistance of the Plaintiff at key junctures of this Litigation. Indeed, this recovery was a direct result of the efforts of Class Counsel that began before the filing of the initial complaint and continued throughout the Litigation.  Class Counsel's skill, creativity, perseverance and hard work allowed them to successfully resolve the Litigation, subject to the Court's approval.  As set forth below, Plaintiff's Counsel have expended substantial time (over 527 hours) and resources and achieved a significant result for the Settlement Class for which compensation is well-deserved.

Accordingly, Class Counsel's fee request is eminently appropriate when compared to the overall amount recovered for the Settlement Class, as well as when compared to Class Counsel's lodestar.  Indeed, as set forth below, Plaintiff's Counsel's fee request amounts to a lodestar multiplier of less than two (1.989).  *See* Wells Decl. at ¶171.  This modest lodestar multiplier is well within the range of what the Third Circuit has deemed acceptable. *See In re Prudential,* 148 F.3d 283, 341 (3d Cir. 1998) ("'multiples ranging from one to four are frequently awarded in common fund cases when the lodestar method is applied'") (quoting 3 Herbert Newberg & Alba Conte, Newberg on Class Actions, § 14.03 at 14-5 (3d ed. 1992)).  Indeed, as set forth below, the fee request is fundamentally supported by the time and effort devoted to the Litigation, the

significant risks undertaken, the quality of the services rendered, the results achieved, and is fully supported by applicable case law in this Circuit and analogous class actions.

Class Counsel's fee request also includes reimbursement of Plaintiff's Counsel's out-of-pocket expenses in the amount of $15,361.84, which were reasonable and necessary in prosecuting this Lawsuit.  Per the terms of the Settlement, Class Counsel was entitled to request reimbursement of their expenses separate and apart from their fee request.  As set forth in detail below, these expenses are fully justified as they were necessary in the prosecution and resolution of this Litigation as they are primarily comprised of Plaintiff's portion of the mediation fees and deposition transcripts.  Finally, Plaintiff requests a modest Service Payment of $5,000 in recognition of the time and effort Plaintiff devoted to this Litigation on behalf of the Settlement Class.  As with Plaintiff's other requests, this request is also well supported by applicable case law.  Importantly, after mailing the approved form of Class Notice – which stated that Class Counsel would seek an amount not to exceed *one-third of the Settlement Amount* as a fee award plus reimbursement of out-of-pocket expenses – to 3,029 individuals, no Settlement Class Member objected to any portion of the proposed Settlement, including any of the aforementioned requests.[2]  The dearth of objections to Plaintiff's request for attorneys' fees, reimbursement of expenses, and Service Payment clearly evinces the propriety of each of these requests.

Sister courts in this Circuit have not hesitated to approve fee petitions of one-third or more of the common fund.  *See, e.g., In re Safety Components, Inc. Sec. Litig.,* 166 F Supp. 2d 72, 102 (D.N.J. 2001) (granting award of 33 1/3 % in common fund case and citing to ten cases from this Circuit holding the same).  Based on the outstanding results achieved, this Court should

---

[2] Should any Class Member file a tardy objection to the fee request, or any other portion of the proposed Settlement, Class Counsel will file a response prior to the Final Approval Hearing.

not hesitate in granting Class Counsel's self-reduced fee request of only 30%, as well as each of Class Counsel's other requests.[3]

## II.    PLAINTIFF'S FEE REQUEST IS FAIR AND REASONABLE[4]

Class Counsel respectfully requests the Court approve its fees in the amount of $630,000.00, representing 30% of the Settlement Amount.  Importantly, the fee application is fair and reasonable, and consequently appropriate, given the work performed, the excellent result achieved, and the significant risks undertaken by Class Counsel.

### A.    CLASS COUNSEL ARE ENTITLED TO A REASONABLE FEE

Plaintiff's counsel are entitled to an award of attorneys' fees in this Litigation, which they brought as an Fair Labor Standards Act ("FLSA") collective action and a Rule 23 state wage and hour class action under Pennsylvania law.  The purpose of Section 216(b) of the FLSA is to ensure "effective access to the judicial process by providing attorneys' fees for prevailing plaintiffs with wage and hour grievances." *Roofers Local 317 v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 (6th Cir. 1984).  In an FLSA action, the district court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b) (emphasis supplied).  Similarly, attorneys' fees and costs are recoverable under the state wage and hour statute at issue in this litigation. *See* 43 P.S. § 333.113.

Plaintiff is the prevailing party in this litigation, and she is entitled to an award of attorneys' fees.  A plaintiff "prevails" when "actual relief on the merits of his claim materially

---

[3] Indeed, approving Class Counsel's request will further the Third Circuit's "stated goal in percentage fee-award cases" of "ensuring that competent counsel continue to be willing to undertake risky, complex and novel litigation." *Gunter v. Ridgewood Energy Corporation*, 223 F.3d 190, 198 (3d Cir. 2000) (quoting *Deposit Guaranty Nat'l Bank v. Roper*, 445 U.S. 326, 338-39 (1980)).

[4] Plaintiff hereby incorporates by reference the factual and procedural background of this Litigation set forth in the memorandum of law filed in support of final approval of the Settlement.

alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby*, 506 U.S. 103, 111-112 (1992).  This relief may come in the form of an enforceable judgment, a consent decree, or a settlement.  *Id.*  Here, the Plaintiff has secured substantial relief from Defendant – a monetary recovery of $2,100,000.00 (the Settlement Amount).  Accordingly, Plaintiff is the prevailing party and is entitled to an award of attorneys' fees and costs under the FLSA and applicable state law.

As set forth herein, Plaintiff's fee request is well-founded and eminently reasonable.

### B. THE REQUESTED FEE IS REASONABLE UNDER THE PERCENTAGE-OF-RECOVERY APPROACH

Case law in the Third Circuit establishes two methods for evaluating the award of attorney's fees -- the lodestar approach and the percentage of the recovery approach.  *In re GM Trucks Litig.*, 55 F.3d 768, 820-21 (3d Cir. 1995) (citing Report of the Third Circuit Task Force on Court Awarded Attorney Fees, 108 F.R.D. 237, 250-53 (1985)).  This Circuit has approved the "percentage of the recovery" method for determining attorneys' fees where class members recover from a common fund.  *Hall v. Best Buy Co.*, 274 F.R.D. 154, 171 (E.D. Pa. 2011).  Indeed, "[t]he percentage of recovery is the prevailing method used by courts in the Third Circuit for wage and hour cases."  *Mabry v. Hildebrandt,* No. 14-5525, 2015 U.S. Dist. LEXIS 112137, *9 (E.D. Pa. Aug. 24, 2015).[5]  The percentage of recovery method is favored because, among other things, it "rewards counsel for success and penalizes it for failure."  *In re Janney Montgomery Scott LLC Fin. Consultant Litig.,* Master File No. 06-3202, 2009 U.S. Dist. LEXIS 60790, *39 (E.D. Pa. 2009)(internal quotation omitted).

---

[5] *See also Hegab v. Family Dollar Stores, Inc.*, No. 11-cv-1206, 2015 U.S. Dist. LEXIS 28570, *28 (D.N.J. Mar. 9, 2015)("The percentage-of-recovery method is preferred in common fund cases, as courts have determined 'that Class Members would be unjustly enriched if they did not adequately compensate counsel responsible for generating the fund.'")(quoting *Varacallo v. Mass. Mutual Life Ins. Co.*, 226 F.R.D. 207, 249 (D.N.J. 2005).

In this case, an analysis of the factors relevant to a percentage of recovery approach supports Class Counsel's request. The Third Circuit has held that these factors include: (1) the amount of the value created and the number of persons benefited; (2) the presence or absence of substantial objections by members of the class to the settlement terms and/or fees requested by counsel; (3) the skill and efficiency of the attorneys involved; (4) the complexity and duration of the litigation; (5) the risk of nonpayment; (6) the amount of time devoted to the case by plaintiff's counsel; (7) the awards in similar cases. *Gunter v. Ridgewood Energy Corporation*, 223 F.3d 190, 195 n.1 (3d Cir. 2000). The Third Circuit has determined that "these fee award factors 'need not be applied in a formulaic way … and in certain cases one factor may outweigh the rest.'" *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 301 (3d Cir. 2005) (*citing Gunter*, 223 F.3d at 195 n.1).

Here, Class Counsel have negotiated a Settlement creating a settlement fund $2,100,000.00 and seek an award in the amount of $630,000.00 – representing 30% of the Settlement Amount. Application of the *Gunther* factors clearly supports the reasonableness of Plaintiff's fee request.

### 1.      The Amount of Value Created and the Number of Persons Benefited

The proposed Settlement is very favorable to the Settlement Class, and Participating Class Members will receive an immediate benefit, in the form of direct monetary payments. The Settlement also avoids the various risks involved in the litigation – risks that Plaintiff and Class Counsel considered carefully when negotiating and reaching the Settlement now before the Court. Further, 3,029 copies of the Class Notice have been mailed to Defendants' Tipped Employees – thereby necessarily ensuring that by this Settlement each individual was made

aware of their rights as an employee in a tipped position.[6]   *See* Wells Decl. ¶66; *see also Graudins v. Kop Kilt, LLC*, No. 14-2589, 2017 U.S. Dist. LEXIS 25926, *25 (E.D. Pa. Feb. 24, 2017) (approving settlement, and fee request, where the lawsuit "and the proposed settlement agreement have furthered the purposes of the FLSA—to inform tipped employees of their wage rights and to force employers to pay employees for time worked.").

Moreover, there are 2,061 individuals in the Settlement Class with 789 individuals electing to become Participating Settlement Class Members, necessarily evidencing the significant number of persons that will benefit from the Settlement.  *See* Wells Decl. ¶¶13-14. Per the terms of the Settlement Agreement, each Participating Settlement Class Members will receive their portion of the Net Settlement Amount (the Settlement Amount minus applicable deductions).  *See* Settlement Agreement § 4.7 (B)(1).  Based on the Claims Administrator's initial calculations, the average award to Participating Settlement Class Members will be over $1,700, and the highest recovery will be over $9,393.  *See* Admin. Decl. at ¶ 18.[7]  Accordingly, Class Counsel helped achieve a Settlement that is of real and significant value to all Participating Settlement Class Members.

In short, Class Counsel have conferred a real benefit to the Settlement Class and should be compensated for their achievement.

---

[6] Indeed, as a result of this Litigation and the dissemination of Class Notice, all Tipped Employees now better understand Defendants' compensation structure and are aware of their rights under the FLSA, including the tip credit provisions and how it operates.  In this regard, all Tipped Employees employed by Defendants during the Class Period benefitted from Class Counsel's efforts.

[7] Importantly, these figures will likely increase as Class Counsel is seeking a few award less than the maximum amount permitted under the Settlement Agreement.

## 2. The Presence or Absence of Substantial Objections by Members of the Class to the Settlement Terms and/or Fees Requested by Counsel

The second *Gunter* factor is whether there are any objections from class members regarding the requested fee amount. Here, Class Counsel have received no objections to either the Settlement or their requested fee award. The Class Notice, which was mailed to the last known address of 3,029 Tipped Employees on February 14, 2018[8], informed the members of the Settlement Class that, *inter alia*, Class Counsel would request fees of up to one-third of the Settlement Amount and seek reimbursement of their reasonable expenses. The Class Notice also advised all potential Settlement Class Members of the option and process of objecting to any aspect of the proposed Settlement, including the requested attorneys' fees. Importantly, no individuals filed an objection to any aspect of the Settlement.

"As numerous district courts have held, the dearth of objections 'strongly supports approval of the requested fee.'" *Beneli v. Bca Fin. Servs.*, No. 16-2737, 2018 U.S. Dist. LEXIS 19191, *47 (D. N.J. Feb. 6, 2018) (quoting *In re Flonase Antitrust Litig.*, 951 F. Supp. 2d 739, 747 (E.D. Pa. 2013)); *see also In re Schering-Plough Corp.,* No. 08-1432, 2012 U.S. Dist. LEXIS 75213, *18 (D.N.J. May 31, 2012)(finding the "lack of objections to the requested attorneys' fees supports the request"); *Moore v. Comcast Corp.*, No. 08-cv-773, 2011 U.S. Dist. LEXIS 6929, *13 (E.D. Pa. Jan. 24, 2011) (recognizing as significant that "[n]ot one member of the class ha[d] filed an objection to the settlement" despite the fact that notice was mailed to 35,360 class members). Indeed, the "absence of large numbers of objections mitigates against reducing fee awards." *In re Cendant Corp.,* 232 F. Supp. 2d 327, 337 (D.N.J. 2002)(citations omitted).

---

[8] Of the 3,029 Class Notices mailed, 102 Class Notices were ultimately returned as undeliverable. *See* Admin. Decl. at ¶ 6.

As noted above, despite the wide-spread dissemination of a fully informative Class Notice, no objections have been received.  *See* Wells Decl. at ¶72.  "The absence of objections by class members to" Plaintiff's fee request "supports finding it reasonable."  *See Lake Forest Partners, L.P. v. Sprint Communs. Co. L.P.,* No. 2:12-cv-00999, 2013 U.S. Dist. LEXIS 84681, *12 (W.D. Pa. June 17, 2013); *see also Rouse v. Comcast Corp.*, No. 14-cv-1115, 2015 U.S. Dist. LEXIS 49347, *29 (E.D. Pa. April 15, 2015) (finding absence of objections "favors awarding the requested fees without reduction").

### 3.    The Skill and Efficiency of the Attorneys Involved

The third *Gunter* factor measures the skill and efficiency of the attorneys involved.  The quality of representation is measured by "the quality of the result achieved, the difficulties faced, the speed and efficiency of the recovery, the standing, experience and expertise of the counsel, the skill and professionalism with which counsel prosecuted the case and the performance and quality of opposing counsel."  *In re Ikon Office Solutions v. Stuart*, 194 F.R.D. 166, 194 (E.D. Pa. 2000) *quoting In re Computron Software*, 6 F. Supp. 2d 313, 323. (E.D. Pa. 1998).  In short, the "single clearest factor reflecting the quality of class counsels' service to the class are the results obtained."  *Cullen v. Whitman Medical Corp.*, 197 F.R.D. 136, 149 (E.D. Pa. 2000); *see also In re Janney Montgomery Scott,* 2009 U.S. Dist. LEXIS 60790, *41 (noting "the quality of representation in a case can be measured by the quality of the result achieved.").

Here, counsel were able to achieve a settlement consisting of a $2.1 million cash payment that will be distributed to all Participating Settlement Class Members.  This significant settlement is a clear example of the skill and expertise of Class Counsel.  *See, e.g., In re Linerboard Antitrust Litig.*, MDL No. 1261, 2004 WL 1221350, at *5 (E.D. Pa. June 2, 2004) ("The result achieved is the clearest reflection of petitioners' skill and expertise.").  Moreover, the quality of counsel helped produce a settlement wherein Participating Settlement Class Members will

receive their settlement proceeds within approximately 21 months of the filing of the Complaint. This efficient timeline "also weighs in favor of approving the requested attorneys' fees." *Haught v. Summit Res., LLC*, 15-cv-0069, 2016 U.S. Dist. LEXIS 45054, *24 (M.D. Pa. April 4, 2016)(approving fee request where class members would receive their settlement payments within 18 months of the filing of the complaint).[9]  "In short, the skill and efficiency of class counsel support the approval of the fee request." *Jackson v. Wells Fargo Bank, N.A.,* 136 F. Supp. 3d 687, 716-717 (W.D. Pa. 2015)

### 4.       The Complexity and Duration of the Litigation

The fourth *Gunter* factor, which measures the complexity and duration of the litigation, also supports Class Counsel's fee request.  As a sister court in this Circuit aptly noted, "FLSA claims and wage-and-hour law enforcement through litigation has been found to be complex by the Supreme Court and lower courts." *Brumley v. Camin Cargo Control, Inc.*, No. 08-1798, 2012 U.S. Dist. LEXIS 40599, *33 (D.N.J. Mar. 26, 2012).

Here, the Litigation, which Plaintiff initiated over a year and a half ago, was actively and aggressively contested by both sides.  Many hours of effort were expended in investigating Plaintiff and the Settlement Class's claims, engaging in formal discovery (including the taking and defending of numerous depositions), engaging in two separate mediations, fully briefing motions for class and collective certification, and extensive settlement negotiations amongst counsel.  Had the Litigation not settled, Class Counsel was prepared to devote substantial additional time and effort to pressing the Settlement Class' claims, including oral argument on

---

[9]  In prosecuting the Litigation, Class Counsel researched and developed Plaintiff's legal theory, prepared a corresponding complaint, engaged in full written discovery, conducted a Rule 30(b)(6) deposition of Defendant's corporate designee, moved for class and collective certification, and participated in two separate mediations, as well as intense settlement negotiations with defense counsel. *See* Wells Decl. at ¶¶ 131-132.  This speaks to the skill and efficiency of Class Counsel.

the motions for class and collective certification pending before the Court and summary judgment motion(s).

Therefore, this factor also supports approval of the fee request.

### 5. The Risk of Nonpayment

Courts have long recognized that there is some degree of risk that attorneys will receive no fee – or at least a fee that does not reflect their efforts – when representing a class, as this risk is inherent when undertaking any contingency fee litigation. *See In re Philips/Magnavox Television Litig.*, No. 09-cv-3072, 2012 WL 1677244, at *18 (D.N.J. May 14, 2012). Indeed, is case was not the proverbial "slam dunk" as a court recently granted summary judgment in the employer's favor in a directly analogous matter. *See, e.g., Calabrese v. TGI Friday's Inc.,* No. 16-cv-0868, 2017 U.S. Dist. LEXIS 181598 (E.D. Pa. Nov. 2, 2017) (granting summary judgment to employer in analogous tip credit case). Despite these risks, Class Counsel undertook this matter on a completely contingent fee basis. Thus, despite the significant time and effort they expended in prosecuting the matter, Class Counsel remain completely uncompensated for the time they invested and the expenses they advanced. Uncompensated expenditures of this magnitude can severely damage a firm of the relatively small size as Class Counsel. There can be no dispute that this case entailed substantial risk of nonpayment, supporting the requested fee.

Indeed, if the Settlement was not achieved, there is a very real chance that neither the Settlement Class Members nor Class Counsel would recover anything. Although Plaintiff and Class Counsel strongly believe in the merits of the claims, there are certainly no guarantees that a more favorable result could be obtained through continued litigation. Indeed, Defendants are represented by experienced counsel. Had this case proceeded, Defendants would have

aggressively pursued all potential defenses, including continuing to vigorously oppose Plaintiff's certification motions and filed a likely motion for summary judgment.

Simply stated, "there was no shortage of risks facing counsel and these risks" support Plaintiff's fee request. *Jackson.,* 136 F. Supp. 3d at 714.

### 6.      The Amount of Time Devoted to the Litigation by Class Counsel

Plaintiff's Counsel has spent over 527 hours prosecuting this Litigation on behalf of Plaintiff and the Settlement Class. *See* Wells Decl. at ¶140.   Although Class Counsel consistently sought to keep costs and fees, to a minimum, the Litigation and protracted settlement negotiations required a significant amount of work.  The hours spent on this matter were devoted to, *inter alia*, investigating Plaintiff's potential claims and drafting the class action complaint, engaging in formal written discovery, reviewing documents, deposing multiple individuals as well as Defendants' corporate designees, defending Plaintiff's deposition, engaging in significant motion practice, participating in two separate, formal mediations, and protracted settlement negotiations (including multiple iterations of key settlement documents). Indeed, it took weeks of additional settlement negotiations between counsel, including numerous conference calls and the exchange and revisions of numerous draft settlement documents, before the Settlement could be agreed to by all Parties.  *See* Wells Decl. at ¶183.  Thus, the time expended by Class Counsel supports the fee request.  *See Haught v. Summit Res., LLC*, 15-cv-0069, 2016 U.S. Dist. LEXIS 45054, *29 (M.D. Pa. April 4, 2016) (approving fee request where counsel devoted over 436 hours to the case during the course of the year long litigation).

Moreover, the hours expended by Class Counsel does not account for the significant work Class Counsel will expend overseeing the Settlement's administration, including the distribution of the Settlement's proceeds.  *See* Wells Decl. ¶184.  This additional work represents a material portion of time that counsel will spend for the Settlement Class that is not reflected in

the lodestar calculation reflected above.  *See, e.g., In re Merck & Co., Inc. Vytorin ERISA Litig.*, No. 08-cv-285, 2010 WL 547613 (D.N.J. Feb. 9, 2010), at *11 (noting "the time dedicated and expenditures incurred do not include costs that will arise immediately in the future, such as the settlement hearing conducted before this Court").

Accordingly, the amount of time devoted by Class Counsel to this Litigation supports the requested fee award.  *See, e.g., Rouse v. Comcast Corp.*, 2015 U.S. Dist. LEXIS 49347, *32 (granting fee request of 35% where counsel billed a total of 221.45 hours to the case).

### 7.   Awards in Similar Cases

The seventh and final *Gunter* factor compares the fee request with fee awards in similar cases.  The Third Circuit has noted that fee awards range from nineteen to forty-five percent of the settlement fund.  *See In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 822 (3d Cir. 1995).  It has long been established that a higher fee award is justified when the common fund is comparatively small.  *Ratner v. Bennett*, No. 92-cv-4701, 1996 U.S. Dist. LEXIS 6259 (E.D. Pa. May 8, 1996).[10]  Indeed, as a sister court noted, "[f]ee awards ranging from thirty to forty-three percent have been awarded in cases with funds ranging from $400,000 to $ 6.5 million, funds which are comparatively smaller than many."  *Erie County Retirees Ass'n v. County of Erie*, 192 F. Supp. 2d 369, 381 (W.D. Pa. Mar. 20, 2002) (citing *Lazy Oil Co. v. Witco Corp.*, 95 F. Supp. 2d 290, 342-343 (W.D. Pa. 1997).

Consequently, sister courts in this Circuit have not hesitated in awarding higher fee amounts than the one requested by Class Counsel.  *See, e.g., Mabry v. Hildebrandt,* No. 14-cv-5525, 2015 U.S. Dist. LEXIS 112137 (E.D. Pa. Aug. 24, 2015) (collecting cases and granting 40% fee award).  Indeed, in a wage and hour class action involving, *inter alia,* FLSA and

---

[10] In *Ratner*, the court awarded 35% of a $400,000 common fund and a class size of 455 persons, finding class counsel "should not be penalized for undertaking and pursuing this litigation as vigorously as it would a much larger case which promises a more substantial fee award."  *Ratner*, 1996 U.S. Dist. LEXIS 6259, at *25.

Pennsylvania minimum wage claims, the court approved a fee award of 35% of the common fund. *Rouse v. Comcast Corp.*, 2015 U.S. Dist. LEXIS 49347. Notably, the *Rouse* action settled within months of the filing of the complaint. *Id.,* at **4-5.

While there is substantial justification for Class Counsel seeking a higher fee request, as the Class Notice indicated that Class Counsel could seek up to one-third of the Settlement Amount, Class Counsel are only seeking 30% of the Settlement Amount. Consequently, this fee request is at or below awards in other cases asserting violations of wage and hour laws. *See, e.g., Koenig v. Granite City Food & Brewery, LTD.,* No. 16-1396 (W.D. Pa.) (Dkt. No. 125, n.9)(approving fee request "because a 33% fee from the Settlement Fund is consistent with other class action settlements"); *Graudins v. Kop Kilt, LLC*, No. 14-2589, 2017 U.S. Dist. LEXIS 25926, *30 (E.D. Pa. Feb. 24, 2017) (in action alleging violations of FLSA and PMWA, approving fee request of one-third of $300,000 settlement fund); *McGee v. Ann's Choice, Inc.,* No. 12-cv-2664, 2014 U.S. Dist. LEXIS 75840, *16 (E.D. Pa. June 4, 2014)(in FLSA action, finding "Class counsel's request of one-third here is well within" the range awarded in similar cases); *Creed v. Benco Dental Supply Co.*, No. 12-CV-01571, 2013 U.S. Dist. LEXIS 132911, *17 (M.D. Pa. Sept. 17, 2013)(awarding attorneys' fees of one-third of settlement, finding such an award "consistent with similar settlements throughout the Third Circuit.").

Based on the foregoing, this factor strongly militates in favor of granting Class Counsel's fee request.

### 8.      Other Factors

In addition to the above listed factors, courts in the Third Circuit also consider several other factors when determining the appropriateness of a fee request. These factors include whether the value of benefits was attributable to the efforts of class counsel or another group (such as a government agency), the percentage fee that would have been negotiated had the

matter been subject to a private arrangement, and whether there are any innovative terms of the settlement. *Haught v. Summit Res., LLC*, 15-cv-0069, 2016 U.S. Dist. LEXIS 45054, *24 (M.D. Pa. April 4, 2016) (citing *In re Diet Drugs*, 582 F.3d 524, 541 (3d Cir. 2009)). Here, there was no government investigation of Defendant's wage payment practices for which Class Counsel could use as a proverbial "road map" against Defendant. Further, a privately negotiated fee award of one-third is common. *See* Wells Decl. at ¶¶186-187.

In addition, there is little doubt that Class Counsel faced formidable opposing legal counsel. This too counsels in favor of the fee request. *See, e.g., In re Rent-Way Secs. Litig.,* 305 F. Supp. 2d 491, 515 (W.D. Pa. 2003) (approving counsel's fee request based, in part, on "the high quality of the Settling Defendants' legal representation"). Thus, when viewed in their entirety, the *Gunter* factors clearly weigh in favor of approval of the fee request.

### C.   LODESTAR MULTIPLIER CHECK CONFIRMS THAT THE REQUESTED FEE AWARD IS REASONABLE

As numerous courts have observed, "the lodestar cross-check . . . should not displace a district court's primary reliance on the percentage-of-recovery method." *Frederick v. Range Res.-Appalachia, LLC*, No. 08-288, 2011 U.S. Dist. LEXIS 27350, *37 (W.D. Pa. March 17 2011)(quoting *In re AT&T Corp. Sec. Litig.*, 455 F.3d 160, 165 (3d Cir. 2006)). Indeed, "the lodestar cross-check does not trump the primary reliance on the percentage of common fund method." *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 307 (3rd Cir. 2005). Rather, the purpose of a lodestar cross-check is to determine whether a proposed fee award is within some reasonable multiple of the lodestar. *See Rite Aid*, 396 F.3d at 309.[11]

---

[11] "Federal courts in this circuit have frequently approved fee award multipliers in the range of 1 to 4." *Frederick*, 2011 U.S. Dist. LEXIS 27350, *36.

Here, Plaintiff's Counsel's lodestar amount of $316,694.00 arises from 527.64 hours spent prosecuting this matter.  *See* Wells Decl. at ¶¶140-141.  As a preliminary matter, there is no question that Class Counsel's hourly rate is appropriate.  Indeed, Class Counsel's rates have been approved by sister courts within this Circuit.[12]  *See, e.g., Magness v. Walled Lake Credit Bureau et al*, No. 12-CV-06586 (E.D. Pa. 2015)(Dkt. No. 83).  This Court should likewise approve Class Counsel's hourly rate.  *See Bonett,* 2003 U.S. Dist. LEXIS 9757, *25 (approving counsel's hourly rate where rates were "consistent with prior awards for this attorney in this district.").

Comparing the fee request of $630,000.00 to Plaintiff's Counsel's lodestar of $316,694.00, it is abundantly clear that the requested fee award is fair, reasonable, and adequate, as it results in a lodestar multiplier of less than 2 (1.989).  "Federal courts in this circuit have frequently approved fee award multipliers in the range of 1 to 4."  *Frederick*, 2011 U.S. Dist. LEXIS 27350, *36[13];  *see also Jackson v. Wells Fargo Bank, N.A.,* 136 F. Supp. 3d 687, 716-717 (W.D. Pa. 2015) (noting that a lodestar multiplier of 2.83 fell "within the acceptable range identified" by the Third Circuit and was "further supported by the excellent result achieved for the class and the efficiency with which class counsel resolved the matter").  Here, given the relatively modest lodestar multiplier, the lodestar cross-check confirms the propriety of the requested attorneys' fee award sought in this case.

Accordingly, Class Counsel's fee request is eminently appropriate as it results in an award of far less than Class Counsel's actual time incurred in this case.

---

[12] Class Counsel's previous rate was $550 per hour.  That rate has been approved by numerous courts.  *See* Wells Decl. at ¶150.  Effective January 1, 2018 Class Counsel raised their hourly rate to $600.  This is the first rate increase Class Counsel have undertaken since the founding of their firm in October 2013.  *Id.*  Moreover, this was the hourly billing rate Mr. Wells charged when he was a partner at his previous firm.  *See* Wells Decl. at ¶¶150-151.

[13] Importantly, the *Frederick* court noted that multipliers in excess of 4, "while warranting enhanced scrutiny, are not completely unusual."  2011 U.S. Dist. LEXIS 27350, **36-37 (collecting cases).

### D.    THE COURT SHOULD AWARD REIMBURSEMENT OF EXPENSES

It is black letter law that in a class action, plaintiff's counsel may seek reimbursement of costs as part of a settlement.  *See* Fed. R. Civ. P. 23(h) ("In a certified class action, the court may award reasonable attorneys' fees and nontaxable costs that are authorized by law or by the parties' agreement").  Indeed, as the Third Circuit held long ago, "[c]ounsel for a class action [are] entitled to reimbursement of expenses that were adequately documented and reasonably and appropriately incurred in the prosecution of the class action." *Abrams v. Lightolier Inc.*, 50 F.3d 1204, 1224-25 (3d Cir. 1995).[14]

Here, Plaintiff's Counsel are seeking reimbursement of costs incurred in prosecuting this Litigation totaling $15,361.84.[15]  *See* Wells Decl. at ¶188.  These expenses reflect the costs typically associated with litigating these types of claims and include such expenses as Plaintiff's share of the mediation fee, filing costs, and deposition transcripts. *Id.*  Such expenses are routinely approved by courts in approving class action settlements.  *See, e.g., Graudins*, 2017 U.S. Dist. LEXIS 25926, *32 (approving request for reimbursement of expenses and noting that the "bulk of" such expenses are "associated with mediation and deposition-related fees.").

As no Settlement Class Member has objected to Class Counsel's request for reimbursement of out-of-pocket expenses, there is no justification for denying their reimbursement.  *See In re Janney Montgomery Scott*, 2009 U.S. Dist. LEXIS 60790, *50 (in analogous case, finding "Class Counsel are entitled to be reimbursed for" costs "necessary for

---

[14] *Cf. Haught,* 2016 U.S. Dist. LEXIS 45054, **37-38 (approving plaintiff's counsel's request for reimbursement for expenses for only those expenses actually documented and rejecting blanket request for $10,000 expense award).

[15] Importantly, Class Counsel are only seeking reimbursement for the hotel expense incurred due to attendance at the Final Approval Hearing; Class Counsel are not seeking any other expense related to this motion, nor any post hearing costs.  It is Class Counsel's experience that a substantial amount of work will be exerted in this matter after the Final Approval Hearing.  *See* Wells Decl. at ¶167.   This includes responding to Class Members inquires regarding the status of the Action, the timeline for payment, as well as inquiries about their specific settlement payment.  *Id.*  None of this time is included in Plaintiff's lodestar submission.

the prosecution of a large class action lawsuit.").

     **E.**     **THE SERVICE PAYMENT AWARD TO PLAINTIFF IS EMINENTLY REASONABLE**

Courts routinely grant enhancement awards to named plaintiffs in recognition of their efforts in achieving the results for the class. *See, e.g., Varacallo v. Mass. Mut. Life Ins. Co.,* 226 F.R.D. 207, 257 ("The Court finds ample authority in this and other circuits for the approval of incentive awards."). In *Varacallo,* the district court collected cases and found that incentive awards ranged from $1,000 to $50,000. *Id.,* at 257-258. Ultimately, the *Varacallo* court granted incentive awards of $10,000 each to five named plaintiffs concluding that their assistance to counsel was "invaluable to bringing about this Settlement." *Id.,* at 259.

Here, the excellent result in this Litigation could not have been achieved without the substantial efforts of Plaintiff. Ms. Koenig assisted Class Counsel with the prosecution of her claims and those claims of the Settlement Class. She was engaged during the litigation process and provided invaluable assistance to Class Counsel, including assisting with the drafting of the complaint, assisting in the review of key material provided by Defendants, sitting for a deposition, and making herself available during each of the two mediations to confer with counsel. *See* Wells Decl. at ¶¶200-201; *see also* Koenig Decl. at ¶¶12-19. In so doing, Plaintiff was integral in all phases of this Litigation. She devoted time and effort to the Action, and as a result of her efforts, and those of Class Counsel, a substantial benefit was conferred to the Settlement Class.

Accordingly, and in recognition of the substantial benefit she conferred on the Settlement Class and her efforts generally, a modest Service Payment award of $5,000 to Plaintiff is entirely appropriate. *See, e.g., Haught,* 2016 U.S. Dist. LEXIS 45054, **19-21 (in a wage and hour suit, approving award of $5,00 to named plaintiff who responded to "extensive" written discovery). Indeed, a sister court approved a Service Payment of $7,500 to the named plaintiff in a directly

analogous case where plaintiff participated in the litigation including sitting for her deposition and attending the mediation. *See Koenig v. Granite City Food & Brewery, LTD.,* No. 16-1396 (W.D. Pa.) (Dkt. No. 125, pps.8-9); *see also Graudins v. Kop Kilt, LLC,* No. 14-2589, 2017 U.S. Dist. LEXIS 25926, *26 (E.D. Pa. Feb. 24, 2017)(awarding $7,500 where plaintiff sat for deposition and attended mediation, concluding that "[t]his is not the kind of case wherein a plaintiff provided minimal, 'run-of-the-mill' assistance.").[16]

As such, there is no doubt that Plaintiff's request is at or below similar enhancement awards in analogous actions. *See, e.g., Leap v. Yoshida,* No. 14-3650, 2016 U.S. Dist. LEXIS 57819, *29 (E.D. Pa. May 2, 2016) (approving "modest service award" of $5,000 where motion explained that plaintiff "was critical to having the case go forward"); *Reyes*, 2011 U.S. Dist. LEXIS 115984, *24 (approving $15,000 service award to each of three representative plaintiffs where tip-related wage settlement fund was $300,000).   As with the other requests, no Settlement Class Member has objected to Plaintiff's requested Service Payment award.

Accordingly, Plaintiff respectfully submits that the Service Payment Award is exceedingly reasonable and should be approved.

## III.   CONCLUSION

For all of these reasons, Plaintiff respectfully requests the Court grant Class Counsel's fee request in amount of $630,000.00 (representing 30% of the Settlement Amount), plus reimbursement of out-of-pocket expenses in the amount of $15,361.84.   In addition, Class Counsel also requests the Court grant a Service Payment award in the amount of $5,000 to Plaintiff.

---

[16] *Cf.   Kotchmar v. Movie Tavern Partners, LP, et al.,* No. 15-cv-04061-MAK (E.D. Pa. 2015) (Dkt. No. 43)(approving incentive payment of $5,000 where plaintiff attended mediation but was not deposed).

Dated:  April 16, 2018

Respectfully submitted,

**CONNOLLY WELLS & GRAY, LLP**

By: */s/ Gerald D. Wells, III*
    Gerald D. Wells, III, Esq. (PA ID88277)
    (admitted *pro hac vice*)
Robert J. Gray, Esq. (PA ID 86251)
(admitted *pro hac vice*)
2200 Renaissance Boulevard, Suite 275
King of Prussia, PA 19406
T: 610-822-3700
F: 610-822-3800
gwells@cwglaw.com
rgray@cwglaw.com

Gary F. Lynch, Esq. (PA ID 56887)
Benjamin J. Sweet, Esq. (PA ID 87338)
Jamisen A. Etzel, Esq. (PA ID 311554)
CARLSON LYNCH SWEET KILPELA &
CARPENTER, LLP
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
T: 412-322-9243
F: 412-231-0246
glynch@carlsonlynch.com
bsweet@carsonlynch.com
jetzel@carsonlynch.com

Michael K. Yarnoff, Esq. (PA ID 62222)
KEHOE LAW FIRM, P.C.
Two Penn Center Plaza
1500 JFK Boulevard, Suite 1020
Philadelphia, PA 19102
T: 215-792-6676
F: 215-792-6676
myarnoff@kehoelawfirm

*Counsel for Plaintiff and the
Proposed Classes*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on the 16th day of April, 2018, a true and correct copy of the foregoing document was filed with the Court utilizing its ECF system, which will send notice of such filing to all counsel of record.

*/s/ Gerald D. Wells, III*

Gerald D. Wells, III
